UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER BERNACCHI,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL GAS & ELECTRIC, LLC<br>and DOES 1-20,<br><br>    Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMANDED** |

    Now comes the Plaintiff, PETER BERNACCHI, by and through his attorneys, and for his class action Complaint against the Defendants, NATIONAL GAS & ELECTRIC, LLC ("NGE") and DOES 1-20, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENTS

    1.    This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, resulting from the illegal actions of Defendants in negligently, knowingly, and/or willfully placing, through its agent(s), sales, solicitation, and/or other telemarketing calls to Plaintiff's cellular telephone, in violation of the TCPA and related regulations, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

    2.    The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private

homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on the TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13.

5. Persons, like Plaintiff herein, have no control to stop unsolicited and unwanted telemarketing calls.

6. According to the Federal Communications Commission's website, accessed on August 7, 2019 at http://www.fcc.gov/consumers/guides/stop-unwanted-calls-texts-and-faxes:

> The national Do Not Call list protects landline and wireless phone numbers. You can register your numbers on the national Do Not Call list at no cost… Telemarketers must remove your numbers from their call lists and stop calling you within 31 days from the date you register. Your numbers will remain on the list until you remove them or discontinue service – there is no need to re-register numbers.

7. Plaintiff and the members of the proposed Classes and Sub-Classes defined below received unsolicited, automated telemarketing calls to their cellular telephones, all because Defendants wished to advertise and market NGE's products and/or services for NGE's own benefit.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this civil action arises under a law of the United States, the TCPA.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

10. Plaintiff is an individual who was at all relevant times residing in the City of Barrington, County of Lake, and State of Illinois.

11. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

12. On information and belief, Defendant NGE is a limited liability company of the State of Texas, which is registered with the Secretary of State to do business in Illinois, and whose principal place of business is located in Houston, Texas.

13. On information and belief, at all times relevant hereto, Defendant was engaged in the marketing and sale of gas and electric utilities and related services.

14. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

15. The true names and capacities of the Defendants sued herein as DOES 1-20 are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged

herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

## FACTS COMMON TO ALL COUNTS

16. On or about June 6, 2006, Plaintiff successfully registered his cellular telephone number ending in -5837 with the National Do-Not-Call Registry

17. On or about March 21, 2019, Defendants began placing unsolicited, automated telemarketing telephone calls to Plaintiff's cellular telephone number ending in -5837.

18. When Plaintiff answered Defendants' call, he heard an artificial or prerecorded voice which directed him to press "1" to be connected to a representative, which is indicative of an automatic telephone dialing system.

19. Plaintiff received a second identical call from Defendants on or about March 25, 2019.

20. On information and belief, Defendants placed said telephone calls to Plaintiff from telephone numbers that were "spoofed," so the number appearing on Plaintiff's caller ID was changed to make the call look like it was coming from a local phone number in Plaintiff's area code.

21. Defendants' calls were not made for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

22. Plaintiff has not previously sought out NGE's services, nor has Plaintiff attempted to retrieve information from NGE about its services.

23. During all relevant times, Defendants did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

24. As a result of Defendants' acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a. Invasion of privacy;

    b. Intrusion upon and occupation of the capacity of Plaintiff's cellular telephone;

    c. Wasting Plaintiff's time;

    d. Risk of personal injury due to interruption and distraction when receiving unwanted telephone calls from Defendants;

    e. Depletion of Plaintiff's cellular telephone batteries;

    f. The cost of electricity to recharge Plaintiff's cellular telephone batteries; and

    g. Stress, aggravation, emotional distress, and mental anguish.

## CLASS ALLEGATIONS

25. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (the "Automated Call Class") defined as follows:

> All persons within the United States who received telephone calls from Defendants using an automatic telephone dialing system or an artificial or prerecorded voice within four years prior to the filing of this lawsuit, who had not granted Defendants prior express consent to place such calls to them and/or who had revoked any such consent.

26. Plaintiff also brings this action on behalf of himself and all others similarly situated, as a member of the proposed sub-class (the "Automated Call Sub-Class") defined as follows:

> All persons within the State of Illinois who received telephone calls from Defendants using an automatic telephone dialing system or an artificial or prerecorded voice within four years prior to the filing of this lawsuit, who had not granted Defendants prior express consent

to place such calls to them and/or who had revoked any such consent.

27. Plaintiff also brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (the "Do-Not-Call Class") defined as follows:

> All persons within the United States whose telephone numbers were registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship with Defendants, or who had revoked such consent and prior established business relationship, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, within any 12-month period, within four years prior to the filing of the complaint.

28. Plaintiff also brings this action on behalf of himself and all others similarly situated, as a member of the proposed sub-class (the "Do-Not-Call Sub-Class") defined as follows:

> All persons within the State of Illinois whose telephone numbers were registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship with Defendants, or who had revoked such consent and prior established business relationship, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, within any 12-month period, within four years prior to the filing of the complaint.

29. Defendants, their employees and agents are excluded from the Classes and Sub-Classes. Plaintiff does not know the number of members in the Classes and Sub-Classes, but believes the Class and Sub-Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

30. The Classes and Sub-Classes are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of the Class and Sub-Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Classes and Sub-Classes

include hundreds, if not thousands of members. Plaintiff alleges that the Class and Sub-Class members may be ascertained by the records maintained by Defendants.

31. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Classes and Sub-Classes are so numerous that joinder of the Class and Sub-Class members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and the Court.

32. There are questions of law and fact common to the Classes and Sub-Classes affecting the parties to be represented. The questions of law and fact common to the Classes and Sub-Classes predominate over questions which may affect individual Class and Sub-Class and include, but are not necessarily limited to, the following:

    a. Whether the Automated Call Class members' telephone numbers were called by Defendants using an automatic telephone dialing system or an artificial or prerecorded voice without Defendants having obtained prior express consent to place such calls;

    b. Whether the Automated Call Sub-Class members' telephone numbers were called by Defendants using an automatic telephone dialing system or an artificial or prerecorded voice without Defendants having obtained prior express consent to place such calls;

    c. Whether the Do-Not-Call Sub-Class members' telephone numbers were called by Defendants without Defendants having obtained prior express consent to place such calls;

      d.      Whether the Do-Not-Call Sub-Class members' telephone numbers were called by Defendants without Defendants having obtained prior express consent to place such calls;

      e.      Whether the members of either Class and/or Sub-Class granted Defendants prior express consent to place such calls to them and/or whether they revoked any such consent; and

      f.      Whether Defendants violated the TCPA, 47 U.S.C. § 227, *et seq.*

33. As a resident of the United States and the State of Illinois whose cellular telephone number was called by Defendants using an automatic telephone dialing system or an artificial or prerecorded voice on multiple occasions without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Automated Call Class and Automated Call Sub-Class.

34. As a resident of the United States and the State of Illinois whose telephone number was registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship with Defendants, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, Plaintiff is asserting claims that are typical of the National Do-Not-Call Class and National Do-Not-Call Sub-Class.

35. Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Classes and Sub-Classes.

36. Plaintiff will fairly and adequately protect the interests of the members of the Classes and Sub-Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

37. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class and Sub-Class members is impracticable. Even if every Class and Sub-Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each Class and Sub-Class member. Class treatment will also permit the adjudication of relatively small claims by many Class and Sub-Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

38. The prosecution of separate actions by individual Class and Sub-Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class and Sub-Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class and Sub-Class members to protect their interests.

39. Defendants have acted or refused to act in respect generally applicable to the Classes and Sub-Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes and Sub-Classes as a whole.

40. Defendants failed to comply with the requirements of the TCPA, including but not limited to 47 U.S.C. § 227(b) and 47 C.F.R. § 64.1200(c), as to all Class and Sub-Class members with respect to the above-alleged transactions.

41. The TCPA, specifically 47 U.S.C. § 227(b)(1)(A)(iii), provides that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States…

42. 47 C.F.R. § 64.1200(c)(2) provides that:

> [n]o person or entity shall initiate any telephone solicitation to…[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

43. In multiple instances, Defendants placed calls to the Class and Sub-Class members without the members' prior express consent in violation of the TCPA, 47 U.S.C. § 227, *et seq.*

44. The size and definition of the Classes and Sub-Classes can be identified through Defendants' records and/or Defendants' agents' records.

## COUNT I
## NEGLIGENT VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)

45. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 44 above as if reiterated herein.

46. The foregoing acts and omissions of Defendants constitutes numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*, and 47 U.S.C. § 227(b).

10

47. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

48. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### COUNT II
### KNOWING AND/OR WILLFUL VIOLATION OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(b)

49. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 48 above as if reiterated herein.

50. The foregoing acts and omissions of Defendants constitutes numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, and 47 U.S.C. § 227(b).

51. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

52. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### COUNT III
### NEGLIGENT VIOLATION OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 C.F.R. 64.1200(c)

53. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 52 above as if reiterated herein.

54. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*, and the implementing regulations of 47 C.F.R. 64.1200(c).

55. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

56. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT IV
## KNOWING AND/OR WILLFUL VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 C.F.R. 64.1200(c)

57. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 56 above as if reiterated herein.

58. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, and the implementing regulations of 47 C.F.R. 64.1200(c).

59. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

60. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

a. An order certifying the Automated Call Class, the Automated Call Sub-Class, the National Do-Not-Call Class, and the National Do-Not-Call Sub-Class, and appointing Plaintiff as Representative of the Classes and Sub-Classes;

b. An order certifying the undersigned counsel as counsel for the Classes and Sub-Classes;

c. An order requiring Defendants, at their own cost, to notify all Automated Call and National Do-Not-Call Class and Sub-Class members of the unlawful, unfair, deceptive and unconscionable conduct herein;

d. Judgment against Defendants in the amount of $500.00 in statutory damages for each and every negligent violation of the TCPA by Defendants;

e. Judgment against Defendants in the amount of $1,500.00 in statutory damages for each and every knowing and/or willful violation of the TCPA by Defendants;

f. An order for injunctive relief prohibiting such conduct by Defendants in the future;

g. Judgment against Defendants for Plaintiff's court costs and other litigation costs; and

h. Any other relief deemed just and proper by this Court.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of court costs and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECFULLY SUBMITTED,

PETER BERNACCHI

By: /s/ David B. Levin
      Attorney for Plaintiff
      Illinois Attorney No. 6212141
      Law Offices of Todd M. Friedman, P.C.
      333 Skokie Blvd., Suite 103
      Northbrook, IL 60062
      Phone: (224) 218-0882
      Fax: (866) 633-0228
      dlevin@toddflaw.com